Case 4:21-cv-00580   Document 19   Filed on 05/06/22 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 06, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LACEY G. SMITH, § § | |
| Plaintiff. § § | |
| VS. § | CIVIL ACTION NO. 4:21-cv-00580 |
| § § | |
| KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § | |
| Defendant. § | |

## MEMORANDUM AND OPINION

Plaintiff Lacey G. Smith ("Smith") seeks judicial review of an administrative decision denying her application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Smith and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Administration" or "Commissioner").[1] *See* Dkts. 16 and 17. After reviewing the briefing, the record, and the applicable law, Smith's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**.

## BACKGROUND

Smith filed an application for supplemental security income under Title II of the Act in July 2017, alleging disability beginning on May 12, 2011. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Smith was not disabled. Smith filed an appeal with the Appeals Council. The Appeals Council issued an order remanding the case back to the ALJ for further consideration. The

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

ALJ held another hearing and again found that Smith was not disabled. Smith filed another appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4)

whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Smith "did not engage in substantial gainful activity during the period from the alleged onset date of May 12, 2011, through the date last insured of September 30, 2015." Dkt. 13-3 at 18.

The ALJ found at Step 2 that Smith suffered from "the following severe impairments: morbid obesity, disorders of the spine, and sarcoidosis/asthma/chronic obstructive pulmonary disease (COPD)." *Id.* at 19.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Smith's RFC as follows:

[T]he the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he was limited to never climbing ropes, ladders or scaffolds; occasionally climbing ramps and stairs; occasionally balancing, stooping, kneeling, crouching, and crawling; frequently (but not constantly) reaching in all directions, handling, fingering, and feeling bilaterally; never working around hazards such as moving machinery, open flames, unprotected heights, and open bodies of water; and, avoiding concentrated exposure to vibrations, cold, heat, humidity, wetness, fumes, odors, dusts, gases, chemicals or poor ventilation.

3

*Id.* at 21.

At Step 4, the ALJ found that Smith "was unable to perform any past relevant work." *Id.* at 26. And, at Step 5, the ALJ concluded that jobs existed in significant numbers in the national economy that Smith could have performed, including "occupations such as an order clerk (DOT 209.567-014) with approximately 90,000 jobs in the national economy; an optical goods worker (DOT 713.684-038) with approximately 40,000 jobs in the national economy; and, a final assembler (DOT 713.687-018 with approximately 55,000 jobs in the national economy." *Id.* at 27 (emphasis omitted).

## DISCUSSION

This social security appeal raises two issues: (1) whether the ALJ improperly evaluated certain medical source opinions in assessing Smith's RFC; and (2) whether substantial evidence supports the ALJ's Step 5 determination. I address each issue in turn.

**A.  THE ALJ'S RFC ASSESSMENT**

Smith makes two arguments concerning the ALJ's RFC determination.

First, she takes issue with the ALJ's determination that she must "avoid[] *concentrated exposure* to vibrations, cold, heat, humidity, wetness, fumes, odors, dusts, gases, chemicals or poor ventilation." *Id.* at 21 (emphasis added). Smith contends this determination was error because the record shows she can have no more than *moderate exposure* to such irritants. *See* Dkt. 16 at 6–8. Even if I credit this argument as demonstrating error, I must still ultimately evaluate whether the error was prejudicial. *See Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012) ("Even if we did find that the ALJ was required to request further documentation, we would affirm, because Jones has not met her burden of showing that any error was prejudicial."). In the Fifth Circuit, "harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Jones v. Saul*, No. 3:19-CV-0880-BH, 2020 WL 5752390, at *18 (N.D. Tex.

4

Aug. 24, 2020). The error here is harmless because none of the jobs identified at Step 5 include any exposure to irritants. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* (*DOT*) 209.567-014, 1991 WL 671794 (order clerk); 713.684-038, 1991 WL 679267 (optical goods worker); 713.687-018, 1991 WL 679271 (final assembler). Thus, even if the error occurred, it was not prejudicial.

Next, Smith argues that the ALJ erred when he determined that the medical opinions offered by State agency physicians Dr. Betty Santiago and Dr. Kim Rowlands and her treating physician Dr. Thomas Masciangleo were less than persuasive. I am not swayed by Smith's arguments.

Dr. Santiago and Dr. Rowlands both found that Smith retained the ability to perform medium work. The ALJ disagreed, explaining their "opinions are less than persuasive as a preponderance of the medical evidence shows that [Smith] is more limited than determined by the State agency." Dkt. 13-3 at 25. Smith does not seek to challenge the ALJ's determination that she is more limited than found by the doctors—i.e., she does not claim that the ALJ erred by rejecting Dr. Santiago's and Dr. Rowlands's determination that she can perform medium work. Instead, Smith points to the doctors' determination that she should avoid even moderate exposure to environmental irritants. *See* Dkt. 16 at 13. Essentially, Smith claims that the ALJ erred by rejecting this portion of Dr. Santiago's and Dr. Rowlands's medical opinions because it would support her argument that the ALJ erroneously determined that she should avoid concentrated exposure to environmental irritants. The problem with this argument is twofold. First, the ALJ has considered an array of evidence and explained his reasoning for accepting and rejecting certain evidence. Smith's argument amounts to a request for me reweigh the evidence. This I cannot do. *See Kimbrow v. Comm'r of Soc. Sec.*, No. 4:20-CV-01137-O-BP, 2022 WL 606738, at *5 (N.D. Tex. Feb. 3, 2022) ("The Court will not reweigh the evidence or substitute its judgment for the ALJ's. Just as the ALJ as factfinder has the sole responsibility for weighing the evidence, he also has the sole

5

responsibility for determining a claimant's disability status." (cleaned up)). Next, Smith cannot show that the ALJ's purported error in assessing Dr. Santiago's and Dr. Rowlands's medical opinions was prejudicial. As I explained above, none of the jobs identified at Step 5 include any exposure to irritants, meaning even if an error occurred, it was not prejudicial.

Smith's argument concerning Dr. Masciangleo fairs no better. Dr. Masciangleo submitted a medical opinion describing a great number of limitations exceeding those found by the ALJ. After describing the details of that medical opinion, the ALJ explained:

> Not only is this opinion provided and dated after September 30, 2015, the date last insured, this opinion is not consistent with the medical evidence as it is internally inconsistent with the treating physician's own physical examinations noted as within normal limits and is without supporting clinical and laboratory findings to substantiate such severe limitations during the period at issue thus rendering this opinion as less than persuasive because a physical examination performed on August 29, 2014, at Memorial Hermann Hospital is also described as within normal limits finding the claimant to have a normal inspection of the back, normal range of motion of all extremities without edema, normal neurological with intact orientation and negative deficits, and no respiratory distress.

Dkt. 13-3 at 25. Smith attacks the ALJ's treatment of Dr. Masciangleo's medical opinion on two fronts. She first claims that the ALJ erred by failing to consider the opinion based on the date it was signed. *See* Dkt. 16 at 12. This argument misses the mark because the ALJ clearly explained that the opinion was less than persuasive based on the date *and* medical records from the relevant time period. Dkt. 13-3 at 25. Perhaps recognizing the weakness in the first argument, Smith then attempts to rely on the medical records referenced by the ALJ to argue that the ALJ should have evaluated the waxing and waning nature of her illness. *See* Dkt. 16 at 12–13. This argument also misses the mark. As I've previously explained:

> [T]he Fifth Circuit has made it clear that an ALJ is not required to make a specific finding regarding the claimant's ability to maintain

6

employment in every case. The claimant must demonstrate, rather than just assert, that her impairment waxes and wanes. Without substantial evidence showing that her impairments limit her work to short intervals, or that her impairments wax and wane in a way that completely prevents employment, the ALJ's determination that [a claimant] is able to maintain employment is subsumed in the RFC definition.

*Flynn v. Saul*, No. 4:19-CV-03523, 2020 WL 4818863, at *6 (S.D. Tex. Aug. 19, 2020) (citations omitted). Smith has not carried this burden.

**B. THE ALJ'S STEP 5 DETERMINATION**

To determine whether a claimant is disabled, the ALJ generally asks a vocational expert ("VE") whether a hypothetical person with the claimant's RFC can perform jobs that are available in the national economy. In this appeal, Smith argues that the hypothetical question the ALJ posed to the VE was flawed because it was too vague; and, thus, the ALJ's Step 5 determination is not supported by substantial evidence. I disagree.

A defective hypothetical is reversible error. *See Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001); *Orosco v. Comm'r of Soc. Sec. Admin.*, 171 F. Supp. 3d 539, 544 (E.D. Tex. 2016). A hypothetical question posed to a VE is not defective if (1) the hypothetical question reasonably incorporates all disabilities of the claimant recognized by the ALJ, and (2) "the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question)." *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).

I begin with the ALJ's hypothetical question. The ALJ asked the VE:

> Assume an individual the same age, education and vocational background as the claimant, who could do all the physical and mental demands of work as defined by the regulations. Would be limited to sedentary work.

7

>Stand and walk two, sit six. Ten, and 10 frequently. *No ladders, ropes or scaffolds. All others occasionally. Manipulative frequently bilaterally.* No moving machinery or open flames or unprotected heights or open bodies of water.
>
>Avoid concentrated exposure to vibrations cold, heat, humidity, wetness as those can affect his breathing. Fumes, odors, dust, gas, chemicals and poor ventilation. We have no transferable skills. It's not an issue since he's only 43. So, give me jobs that would be unskilled.

Dkt. 13-3 at 68–69 (emphasis added).

Smith first contends that the statement "no ladders, ropes, or scaffolds. All others occasionally" is ambiguous. Specifically, Smith argues that "[i]t is unclear what specific actions the ALJ is referring to when he refers to 'all others' being occasionally." Dkt. 16 at 15. I am not persuaded by this argument. Other than Smith's speculation, there is no indication that the VE was in any manner confused by the hypothetical question. *See Kendall A. v. Saul*, No. 1:18-CV-0031-BP, 2019 WL 4602967, at *8 (N.D. Tex. Sept. 4, 2019) (finding that a hypothetical question was not "too vague" and, therefore, did not impact the VE's assessment of employability because there was no "indication that the VE was in any manner confused" by the question (quotation omitted)). That is, the ALJ's inclusion of the phrase "[a]ll others occasionally" does not make the hypothetical question so vague as to impact the VE's assessment of employability absent some indication that the VE was, himself, confused. *See id.* Finally, and perhaps most importantly, Smith's counsel was afforded the opportunity to clarify and correct any deficiencies, having crossed the VE and asked his own hypotheticals. *See Bowling*, 36 F.3d at 436.

Next, Smith avers that the hypothetical question limited the VE's response to positions where the individual could "[m]anipulative frequently bilaterally," Dkt. 13-3 at 68, while the RFC found that Smith was limited to "frequently (but not constantly) reaching in all directions, handling, fingering, and feeling bilaterally." *Id.* at 21. Smith claims that without additional context, the phrase "[m]anipulative frequently bilaterally" is "too vague to allow for any meaningful judicial review."

8

Dkt. 16 at 15. Again, I disagree. There is no indication that the VE was confused by the hypothetical, and Smith's counsel had the opportunity to pose his own hypotheticals.

In sum,[2] Smith's arguments fail because the ALJ's statement was not materially vague or misleading, and Smith was nevertheless allowed to clarify any ambiguities at the time of the testimony. *See Zechenelly v. Colvin*, No. CIV.A. 13-403, 2014 WL 644007, at *2 (E.D. La. Feb. 19, 2014) ("Here, the ALJ's question reasonably incorporated [Plaintiff's] impairments and [Plaintiff] was afforded the opportunity to clarify and correct deficiencies, having crossed the VE and asked her own hypothetical. In other words, [Plaintiff's] argument fails because the ALJ's statement was not materially vague or misleading and she was nevertheless allowed to clarify any ambiguities at the time of the testimony.").

## CONCLUSION

For the reasons provided above, Smith's motion for summary judgment (Dkt. 16) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 17) is **GRANTED**.

SIGNED this 6th day of May 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] Smith also seems to rehash the argument concerning environmental irritants. *See* Dkt. 16 at 15–16. For the reasons discussed in Section A, this argument fails.